STATE OF RHODE ISLAND     AND PROVIDENCE PLANTATIONS

\HMSI LITIGATION DE⊦

JUN 28 2011

**SUPERIOR COURT**     DATE RECEIVED

__X__ *Providence County*
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

_____ *Kent County*
Kent County Judicial Complex
222 Quaker Lane
Warwick, Rhode Island 02886

_____ *Newport County*
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

_____ *Washington County*
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE No. PC-11-3572

JOHN FORREST AND KATHRYN M. FORREST
**Plaintiff**
WELLS FARGO BANK AS TRUSTEE FOR OPTION
ONE MORTGAGE LOAN TRUST 2007-2, ASSET
BACKER CERTIFICATES SERIES 2007-2, ALIAS
SAND CANYON CORPORATION, **Defendant**
ALIAS, AND AMERICAN HOME MORTGAGE
SERVICING, INC., ALIAS

}

*Summons*

*To the above-named Defendant:* AMERICAN HOME MORTGAGE SERVICING, INC., ALIAS

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ..... John B. Ennis, Esq. ...................

Plaintiff's attorney, whose address is ...... 1200 Reservoir Avenue, Cranston, Rhode Island 02920 ...... (401) 943-9230 .........................

an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: ..... June 24, 2011 .........................

(Seal of the Superior Court)

S- 135 (REV. 02/07)

STATE OF RHODE ISLAND   SUPERIOR COURT
PROVIDENCE, SC

JOHN FORREST
KATHRYN M. FORREST

 .VS.        C.A. NO *PC-11-3572*

WELLS FARGO BANK AS
TRUSTEE  FOR OPTION ONE
MORTGAGE LOAN TRUST 2007-2,
ASSET BACKED CERTIFICATES,
SERIES 2007-2 , ALIAS;
SAND CANYON CORPORATION,
ALIAS, AND AMERICAN HOME
MORTGAGE SERVICING, INC.,
ALIAS

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF AND DAMAGES

### COUNT I

1. Plaintiffs, John Forrest and Kathryn Forrest are residents of the State of Rhode Island with an address of 106 High Street, Bristol, Rhode Island. Plaintiffs owns said real estate located at 106 High Street, Bristol, Rhode Island.

2. Sand Canyon Corporation f/k/a Option One Mortgage Corporation("Sand Canyon") is a subprime lender which has ceased Lending operations. It has not owned or serviced any loans or mortgages since April 2008.

3. Option One Mortgage Acceptance Corporation is a Delaware Corporation.

4. Defendant, American Home Mortgage Servicing Inc. ("AHMSI" )is a Corporation.  It claims to be a loan servicer and is not licensed to do business in the State of Rhode Island.

5.    Defendant,  Option One Mortgage Loan Trust 2007-2, Asset Backed Certificates, Series 2007-2, ("Option One 2007-2") on information and belief, claims to be a securitized trust, pursuant to the laws of the State of New York. Wells Fargo Bank, N.A. claims to be the Trustee of said Trust.

6.    The amount in controversy is sufficient to invoke the jurisdiction of the Superior Court.

7.    The subject matter of this complaint is proper to invoke the Equitable Jurisdiction of this Court.

8.    All of the parties named herein have sufficient minimum contacts with the State of Rhode Island to render them subject to its jurisdiction.

9.    This Court has subject matter jurisdiction over the matters in this complaint pursuant to the following statutes:

    a.    The provisions of R.I.G.L. §8-2-14 and R.I.G.L. §8-2-13, grant the Superior Court jurisdiction over questions of law and equity.  The Plaintiffs are asking this Court, inter alia, to restrain the certain defendants from foreclosing on the subject property.

    b.    The provisions of the Declaratory Judgment Act, R.I.G.L. 9-30-1 et seq., grant the Court jurisdiction to determine certain legal questions relating to the property rights of the Plaintiffs and the Defendants under certain contracts, assignments, powers of attorneys, and deed.  Plaintiffs ask that the foreclosure deed, the alleged assignment, and power of attorney, or lack thereof, and mortgage deed be declared invalid.

10.    On November 3, 2006, Plaintiff, Kathryn M. Forrest executed a promissory note in favor of Option One Mortgage Corporation in the amount of $512,000.00. On November 3, 2006, Plaintiffs, John Forrest and Kathryn M. Forrest executed a mortgage naming Option One Mortgage Corporation as the Lender.

11.    Defendant, AHMSI, by its attorney, sent a default and foreclosure notice to the Plaintiff.  This notice did not identify the holder of the

mortgage or the note. Subsequently Defendants have advertised and scheduled the foreclosure sale on the Plaintiff's property for June 27, 2011. Defendants' Attorney, Ablitt/Schofield, has been forwarded a copy of this Complaint and has been notified of the fact that the Plaintiffs will be seeking a Temporary Restraining Order and Injunction on June 24, 2011 at 9:00 PM in the Providence Superior Court.

12.    There is no entity with the name of  Option One Mortgage Loan Trust 2007-2, Asset Backed Certificates, Series 2007-2.  There is a Securitized Trust, which is titled as Option One Mortgage Loan Trust 2007-2.  This entity as a securitized trust so called, has authority limited by the terms of its Pooling and Servicing Agreement (PSA) and other documents associated with the loan securitization process. This document contains more than 250 pages.  To eliminate excessive paperwork, a copy of the Pooling and Servicing Agreement ("PSA") is attached as Exhibit A and is incorporated by reference to its SEC html website address:

http://www.sec.gov/Archives/edgar/data/1390065/000088237707000886/d6 48260ex4_1.htm

13.    When a trust is securitized, all corporate documents, including the Pooling and Servicing Agreement must be filed with the United States Securities and Exchange  Commission.  This securitized trust can be located at the Securities and Exchange Commission's website at the following html website address:

http://www.sec.gov/cgi-bin/browse-edgar?company=option+one+2007- 2&match=contains&CIK=&filenum=&State=&Country=&SIC=&owner=ex clude&Find=Find+Companies&action=getcompany

A copy of the Web Page is attached as Exhibit B.

14.    This PSA is a contract between the parties involved in the securitization of the loans.  The PSA has specific language on how the Mortgage Backed Security Pool of loans will be serviced and transferred among the parties and includes a cut-off date.  In this particular PSA, the closing date was March 12, 2007.   The Trust lacked any capacity to accept any loans more than 90 days after that date.

15.    The Trust has a designated document Custodian, who is required to hold the original Notes for the Trust, as well as all of the Delivery and Receipt Certificates regarding the Notes. This PSA sets forth the only way a Note and Mortgage could be transferred to the Trust.

16.    Pursuant to this PSA, the transfers into the Trust occurred only as follows:

From the Originator,  Option One Mortgage Company, to the Depositor, Option One Mortgage Acceptance Corporation; and then from the Depositor, Option One Mortgage Acceptance Corporation to the Trust, of which Wells Fargo is the Trustee. Each transfer was required to be a true sale for purposes of creating a bankruptcy remote structure and all transfers were required to follow the steps as designated in the Transaction Structure.

17.    Upon information and belief and subject to further discovery, the Defendants claim that Note and Mortgage were alleged to have been assigned or transferred on or about May 22, 2009 from Sand Canyon to AHMSI.( Exhibit C)  Sand Canyon did not own this loan or mortgage on May 22, 2009.  It could not have assigned this mortgage on that date. Loans in the Trust were sold to it by Option One Mortgage Acceptance Corporation and not Sand Canyon.  In addition the entity named in the assignment, did not exist under that name.  Thus the assignment was a nullity.

18.    Exhibit D is an affidavit of Dale Sugimoto, the President of C=Sand Canyon.  In it declared before the United States Bankruptcy Court for the Eastern District of Louisiana that on March 18, 2009 that "Sand Canyon also does not own any residential real estate mortgages".  Thus the President of San Canyon confirmed that any assignment of mortgage on May 22, 2009 was a nullity.  Thus no assignment was  made from Sand Canyon to AHMSI. Exhibit E is a Motion of the Untied States Trustee for the District of Connecticut, who alleged irregularities in the actions of Sand Canyon in filing assignments of mortgages after March 18, 2009, when it knew that it no longer owned any mortgages.

A subsequent alleged assignment was allegedly made from AHMSI to Sand Canyon Corporation f/k/a Option One Mortgage Corporation on November 18, 2009   Then a another alleged assignment was allegedly made on

4

November 18, 2009 from Sand Canyon to Wells Fargo Bank, N.A. as trustee for Option One Mortgage Loan Trust 2007-2 Asset-Backed Certificates, Series 2007-2 c/o American Home Mortgage Servicing, Inc.  Copies of these assignments are attached as Exhibit F and Exhibit G.  Any assignment which would have been made on or about November 18, 2009 to the Defendant, Option One 2007-2, a mortgage-backed securitized trust, was outside the time specified by the Terms of the PSA and the purchase date as reflected in the Mortgage Loan Purchase Agreement that the Defendant Trust was allowed to accept.  The purported Assignment of Mortgage (Exhibit F) that was recorded was from Sand Canyon Corporation f/k/a Option One Mortgage Corporation without being first transferred to the Depositor, Option One Mortgage Acceptance Corporation as a result, not only were the note and mortgage allegedly transferred outside of the closing date, but were not transferred in the manner specified in the PSA. The Trust never purchased any loans from Sand Canyon.

18.     The default letter sent to the plaintiffs was sent on behalf of AHMSI and Option One 2007-2.   Thus any subsequent foreclosure proceedings commenced were invalid because the notice was sent to the Plaintiffs prior to a valid assignment of mortgage to the Defendants.  Rhode Island mandates that prior to commencing a foreclosure by a default letter and power of sale, that a party actually holds the note and the mortgage by way of transfer and/or assignment.

19.     As a result of this void and unauthorized assignment, the Defendants lack standing, are not the real party in interest and are not proper parties to foreclose or enforce the original mortgage or note.

20.     Defendant,  Option One 2007-2 as a securitized trust, by the terms of its PSA and pursuant to 26 USC Section 860(G), relating to Real Estate Mortgage Investment Conduits ("REMIC"),  did not have the ability or power to accept mortgages or notes more than ninety days after the closing date specified in the PSA, which was March 12, 2007.  The terms of the PSA do not authorize such acquisition and the status of the Trust as a REMIC do not allow it to accept such mortgages or notes at more than 90 days beyond the closing date.  It lacked any capacity to accept such a mortgage.  The warranties and representations in the PSA indicate that it did not accept such loans.

21.     The Defendant Trust  never was transferred the loan and mortgage.

5

22.    After the execution of the PSA, the only party sold the loans to the Defendant, Option One 2007-2 was Option One Mortgage Acceptance Corporation.  This is reflected in the provisions of Article II of the PSA, which are attached to this complaint. Specifically, in Article II, Section 2.01, the following provisions made it clear that Option One Mortgage Corporation  was required to convey the Plaintiff's mortgage in the following manner:

In connection with such transfer and assignment, the Depositor, does hereby deliver to, and deposit with the Trustee, or its designated agent (the "Custodian"), the following documents or instruments with respect to each Mortgage Loan so transferred and assigned by the Originator, on behalf of the Depositor:

(i)    the original Mortgage Note, endorsed either (A) in blank, in which case the Trustee shall cause the endorsement to be completed or (B) in the following form: "Pay to the order of Wells Fargo Bank, N.A., as Trustee, without recourse", or with respect to any lost Mortgage Note, an original Lost Note Affidavit stating that the original mortgage note was lost, misplaced or destroyed, together with a copy of the related mortgage note; provided, however, that such substitutions of Lost Note Affidavits for original Mortgage Notes may occur only with respect to Mortgage Loans, the aggregate Cut-off Date Principal Balance, as applicable, of which is less than or equal to 1.00% of the Pool Balance as of the Cut-off Date;

(ii)    the original Mortgage with evidence of recording thereon, and the original recorded power of attorney, if the Mortgage was executed pursuant to a power of attorney, with evidence of recording thereon;

(iii)    **an original Assignment. The Mortgage shall be assigned either (A) in blank or (B) to "Wells Fargo Bank, N.A., as Trustee, without recourse";**

(iv)    **an original of any intervening assignment of Mortgage showing a complete chain of assignments;**

6

There was no assignment in blank from Option One Mortgage Acceptance Corporation, no assignment from Option One Mortgage Acceptance Corporation to Option One 2007-2 and no complete chain of assignments, specifically from Option One Mortgage Corporation to Option One Mortgage Acceptance Corporation. In any case, an assignment in blank is invalid under Rhode Island law, as a mortgage is a conveyance in an interest in land, which requires a grantee.

As a result, neither AHMSI, Sand Canyon nor Option One 2007-2 has any standing or authority to assign or foreclose on the original mortgage or to take any action to enforce the original note. Once the PSA was executed, the only party which had authority to convey the loan and mortgage was Option One Mortgage Acceptance Corporation, in the manner specified in the PSA.

## COUNT II

23.   Paragraphs 1-22 of Count I are incorporated by reference.

24.   The Defendants do not hold the note or the mortgage and lack standing to foreclose, to assign the mortgage, to transfer the note or otherwise enforce the note or the mortgage. The note was never endorsed.

25.   The mortgage assignment attached as Exhibit G is a nullity, and Sand Canyon could not and did not assign the mortgage or the note to the Trust or any other entity for the following reasons:

   a.     There is no corporate resolution from Option One Mortgage Corporation, Sand Canyon Corporation or AHMSI which authorized Cindi Ellis to issue a limited power of attorney to any party.

   b.     California law requires corporate authority to transfer assets on behalf of an entity.

26.   The purported assignment referenced as Exhibit C were executed pursuant to a purported Limited Power of Attorney by Sand Canyon Corporation (Exhibit H).

27.   Exhibit H was allegedly executed by Cindi Ellis as Assistant Vice

7

President of Sand Canyon Corporation. However since Sand Canyon did not own any mortgages on that date, her power of attorney was ineffective to convey any authority.

28.     On information and belief, the signature of Cindi Ellis on the Power of Attorney varies from other signatures of Cindi Ellis. Copies of other varying signatures of Cindi Ellis are attached as Exhibit I. The questionable variations in the signature of the purported Cindi Ellis render the respective Powers of Attorney from Sand Canyon Corporation invalid.

29.     Cindi Ellis was not an officer of AHMSI and Sand Canyon Corporation. As indicated in Exhibit H, a person designated as Cindi Ellis signed a limited power of attorney on December 22, 2008 as Assistant Secretary for AHMSI.     Thus there is a gap in the chain of title, which prevents Defendants from foreclosing on this property.

30     The notary form on the purported Limited Powers of Attorney are invalid, in that they do not comport with the provisions of California Civil Code Section 1189. This statute required any certificate of acknowledgment by a notary public to certify that the person, whose signature was notarized, subscribed to the instrument and acknowledged that she executed the same in her authorized capacity and that by her signature on the instrument, that the entity, upon behalf of which the person acted, executed the instrument.

31.     The combination of the issues relating to the signature variations, the defective notary acknowledgment and the dual officer status of Cindi Ellis lead to a reasonable inference, if not conclusion that the purported Powers of Attorney were executed without corporate authority, thus causing any assignments to fail.

32.     The Restraining Order sought by Plaintiffs will not result in any harm to the Defendants because, the chain of title defect would render any subsequent foreclosure invalid, thereby requiring Defendant to correct any title defects and recommence the foreclosure process.

## COUNT III

33.     Paragraphs 1-32 are incorporated by reference.

8

34.   The Defendants have the burden of proof of establishing possession and ownership of the note and the mortgage in addition to proving that the mortgage and note were transferred pursuant to law and the terms of the PSA. Option One 2007-2 does not own or hold the note.  There has been no negotiation or endorsement of the note by the originator, Option One (Exhibit J).

35.   The Defendant Trust did not acquire possession of the note or the mortgage or valid transfers and assignments of each.  It is not entitled to enforce the note or the mortgage.

36.   As a result, the Defendants lack standing to enforce the note or the mortgage.

## COUNT IV

37.   Paragraphs 1-36 are incorporated by reference.

37.   The Plaintiff requires a Temporary Restraining Order injunctive relief to stay the pending collection action of AHMSI and Option One 2007-2.

38.   AHMSI, Sand Canyon and Option One 2007-2 have no interest in the property, the mortgage or note and, thus, have no standing to foreclose upon the note and mortgage of the Plaintiffs.

39.   Plaintiffs are being irreparably harmed by the illegal collection actions of all the Defendants. Plaintiffs will lose their home to foreclosure on June 27, 2011 unless Defendants are restrained and enjoined from conducting the foreclosure sale on that date.

40.   Plaintiffs have no other remedy at law but to seek the relief requested herein.  Equity favors the Plaintiff as she has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays that this Court:

A.   Issue a Declaratory Judgment determining that the note and mortgage is not vested in Sand Canyon, AHMSI or Wells Fargo.

9

B.   Issue a Declaratory Judgment determining that pursuant to the terms of the Pooling and Servicing Agreement and 26 USC 860G, there can be no direct assignment from Sand Canyon Corporation directly to a securitized trust with Defendant Wells Fargo as trustee.

C.   Issue a Declaratory Judgment that the assignment from Sand Canyon Corporation to Wells Fargo as Trustee for Option One Mortgage Loan Trust 2007-2 Asset-Backed Certificates, Series 2007-2 is invalid and void as a matter of law.

D.   Issue a Declaratory Judgment that after March 18, 2009, Sand Canyon Corporation did not own or hold plaintiffs' note or mortgage.

E.   Issue a Declaratory Judgment that neither AHMSI, Sand Canyon nor Option One 2007-2 owns nor possess a secured claim in regard to the property owned by the Plaintiff, located at 106 High Street, Bristol, Rhode Island.

F    Issue a Declaratory Judgment that any foreclosure proceedings previously conducted against the Plaintiffs have been invalid and that any costs and legal fees allegedly incurred by Defendants shall not be charged against the Plaintiffs.

J.   Issue a Temporary Restraining Order restraining the Defendants from foreclosing on the Plaintiff property on June 27, 2011 2009 or at any other time, pending further Order of this Court and temporarily, preliminarily and permanently restrain and enjoin all of the Defendants from commencing any further foreclosure actions or collection action against the Plaintiffs.

K.   Issue a Preliminary and Permanent Injunction against all of the Defendants from commencing any further foreclosure actions or collection action against the Plaintiffs.

L.   Issue an Order to Quiet the Title of the Plaintiffs and order that the mortgage executed to Option One Mortgage Corporation is void and order same discharged.

M.    Temporarily Preliminarily and Permanently Restrain and Enjoin Sand Canyon Corporation, AHMSCI and Wells Fargo from executing any further assignments of the original Option One Mortgage Corporation mortgage.

N.    Issue a Declaratory Judgment that the loan executed by the Plaintiff to Option One Mortgage Corporation was not a Qualified Mortgage pursuant to the Pooling and Servicing Agreement of the Defendant Wells Fargo and 26 USC 860(G) and that the Defendant was not capable of accepting said loan or mortgage at any time after March 12, 2007.

O.    Issue a Declaratory Judgment that any assignments of the mortgage were not made by corporate officers with requisite corporate authority pursuant to law.

R.    Award Plaintiffs damages, attorney fees and costs against all defendants jointly and severally.

S.    Award such other relief as this Court deems just and proper.

_____
JOHN FORREST

_____
KATHRYN FORREST

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Cranston on the 23rd day of JUy, 2011, before me

personally appeared John Forrest and Kathryn Forrest, to me known and

known by me to be the persons who signed this Complaint and they made

oath that the facts contained therein so far as stated upon their knowledge are

true and so far as stated upon information are true to their best information

and belief.

_____
NOTARY PUBLIC

12

JOHN FORREST
KATHLEEN FORRES
By their Attorney

June 23, 2011

John B. Ennis, Esq. #2135
1200 Reservoir Avenue
Cranston, RI 02920
401-943-9230
jbelaw@aol.com

# EXHIBIT A

OPTION ONE MORTGAGE ACCEPTANCE CORPORATION,
Depositor

OPTION ONE MORTGAGE CORPORATION,
Servicer

and

WELLS FARGO BANK, N.A.,
Trustee

POOLING AND SERVICING AGREEMENT

Dated as of February 1, 2007

_____

Option One Mortgage Loan Trust 2007-2

Asset-Backed Certificates, Series 2007-2

## Table of Contents

### ARTICLE I
### DEFINITIONS

SECTION 1.01. Defined Terms.

SECTION 1.02. Accounting.

SECTION 1.03. Allocation of Certain Interest Shortfalls.

SECTION 1.04. Rights of the NIMS Insurer.

### ARTICLE II
### CONVEYANCE OF MORTGAGE LOANS; ORIGINAL ISSUANCE OF CERTIFICATES

SECTION 2.01. Conveyance of Mortgage Loans.

SECTION 2.02. Acceptance by Trustee.

SECTION 2.03. Repurchase or Substitution of Mortgage Loans by the Originator or Responsible Party.

**Cut-off Date"**: With respect to any Mortgage Loan, February 1, 2007. With respect to all Qualified Substitute Mortgage Loans, their respective dates of substitution. References

SECTION 2.04. Intentionally Omitted.

SECTION 2.05. Representations, Warranties and Covenants of the Servicer.

SECTION 2.06. Representations and Warranties of the Depositor.

SECTION 2.07. Issuance of Certificates.

SECTION 2.08. Authorization to Enter into Interest Rate Swap Agreement.

SECTION 2.09. Conveyance of REMIC Regular Interests and Acceptance of REMIC 2, REMIC 3, REMIC 4, REMIC 5 and REMIC 6 by the Trustee; Issuance of Certificates.

SECTION 2.10. Negative Covenants of the Trustee and the Servicer.

## ARTICLE III
## ADMINISTRATION AND SERVICING OF THE MORTGAGE LOANS

SECTION 3.01. Servicer to Act as Servicer.

SECTION 3.02. Sub-Servicing Agreements Between Servicer and Sub-Servicers.

SECTION 3.03. Successor Sub-Servicers.

SECTION 3.04. Liability of the Servicer.

SECTION 3.05. No Contractual Relationship Between Sub-Servicers and the NIMS Insurer, the Trustee or Certificateholders.

SECTION 3.06. Assumption or Termination of Sub-Servicing Agreements by Trustee.

SECTION 3.07. Collection of Certain Mortgage Loan Payments.

SECTION 3.08. Sub-Servicing Accounts.

SECTION 3.09. Collection of Taxes, Assessments and Similar Items; Servicing Accounts.

SECTION 3.10. Collection Account and Distribution Account.

SECTION 3.11. Withdrawals from the Collection Account and Distribution Account.

SECTION 3.12. Investment of Funds in the Collection Account and the Distribution Account.

SECTION 3.13. Rights of the Class C Certificateholder.

SECTION 3.14. Maintenance of Hazard Insurance and Errors and Omissions and Fidelity Coverage.

SECTION 3.15. Enforcement of Due-On-Sale Clauses; Assumption Agreements.

SECTION 3.16. Realization Upon Defaulted Mortgage Loans.

SECTION 3.17. Trustee to Cooperate; Release of Mortgage Files.

SECTION 3.18. Servicing Compensation.

SECTION 3.19. Reports to the Trustee; Collection Account Statements.

SECTION Statement as to Compliance.
3.20.
SECTION Assessment of Compliance and Attestation Report.
3.21.
SECTION Access to Certain Documentation.
3.22.
SECTION Title, Management and Disposition of REO Property.
3.23.
SECTION Obligations of the Servicer in Respect of Prepayment Interest Shortfalls.
3.24.
SECTION Reports Filed with Securities and Exchange Commission.
3.25.
SECTION Obligations of the Servicer in Respect of Mortgage Rates and Monthly
3.26.      Payments.
SECTION Solicitations.
3.27.
SECTION [Reserved].
3.28.
SECTION Advancing Facility.
3.29.

## ARTICLE IV
## FLOW OF FUNDS

SECTION Distributions.
4.01.
SECTION [Reserved].
4.02.
SECTION Statements.
4.03.
SECTION Remittance Reports; Advances.
4.04.
SECTION Net WAC Rate Carryover Reserve Account.
4.05.
SECTION Distributions on the REMIC Regular Interests.
4.06.
SECTION Allocation of Realized Losses.
4.07.
SECTION Swap Account.
4.08.
SECTION Tax Treatment of Swap Payments and Swap Termination Payments
4.09.
SECTION [Reserved].
4.10.
SECTION Collateral Account
4.11.
SECTION Rights and Obligations Under the Interest Rate Swap Agreement.
4.12.

## ARTICLE V
## THE CERTIFICATES

SECTION The Certificates.
5.01.
SECTION Registration of Transfer and Exchange of Certificates.
5.02.
SECTION Mutilated, Destroyed, Lost or Stolen Certificates.

SECTION 5.03. Persons Deemed Owners.

SECTION 5.04. Appointment of Paying Agent.

SECTION 5.05.

ARTICLE VI
THE SERVICER AND THE DEPOSITOR

SECTION 6.01. Liability of the Servicer and the Depositor.

SECTION 6.02. Merger or Consolidation of, or Assumption of the Obligations of, the Servicer or the Depositor.

SECTION 6.03. Limitation on Liability of the Servicer and Others.

SECTION 6.04. Servicer Not to Resign.

SECTION 6.05. Delegation of Duties.

SECTION 6.06. [Reserved].

SECTION 6.07. Inspection.

ARTICLE VII
DEFAULT

SECTION 7.01. Servicer Events of Termination.

SECTION 7.02. Trustee to Act; Appointment of Successor.

SECTION 7.03. Waiver of Defaults.

SECTION 7.04. Notification to Certificateholders.

SECTION 7.05. Survivability of Servicer Liabilities.

ARTICLE VIII
THE TRUSTEE

SECTION 8.01. Duties of Trustee.

SECTION 8.02. Certain Matters Affecting the Trustee.

SECTION 8.03. Trustee Not Liable for Certificates or Mortgage Loans.

SECTION 8.04. Trustee May Own Certificates.

SECTION 8.05. Trustee Fee and Expenses.

SECTION 8.06. Eligibility Requirements for Trustee.

SECTION 8.07. Resignation or Removal of Trustee.

SECTION 8.08. Successor Trustee.

SECTION Merger or Consolidation of Trustee.

Exhibit S   Servicing Criteria to Be Addressed in Assessment of Compliance
Exhibit T   Form 10-D, Form 8-K and Form 10-K Reporting Responsibility
Exhibit U   Additional Disclosure Notification

Schedule I  Prepayment Charge Schedule
Schedule II Foreclosure Restricted Mortgage Loan

This Pooling and Servicing Agreement is dated as of February 1, 2007 (the "Agreement"), among OPTION ONE MORTGAGE ACCEPTANCE CORPORATION, as depositor (the "Depositor"), OPTION ONE MORTGAGE CORPORATION, as servicer (the "Servicer") and WELLS FARGO BANK, N.A., as trustee (the "Trustee").

PRELIMINARY STATEMENT:

The Depositor intends to sell pass-through certificates (collectively, the "Certificates"), to be issued hereunder in multiple classes, which in the aggregate will evidence the entire beneficial ownership interest in the Trust Fund created hereunder. The Certificates will consist of eighteen classes of certificates, designated as (i) the Class I-A-1 Certificates, (ii) the Class II-A-1 Certificates, (iii) the Class III-A-1 Certificates, (iv) the Class III-A-2 Certificates, (v) the Class III-A-3 Certificates, (vi) the Class M-1 Certificates, (vii) the Class M-2 Certificates, (viii) the Class M-3 Certificates, (ix) the Class M-4 Certificates, (x) the Class M-5 Certificates, (xi) the Class M-6 Certificates, (xii) the Class M-7 Certificates, (xiii) the Class M-8 Certificates, (xiv) the Class M-9 Certificates, (xv) the Class C Certificates, (xvi) the Class P Certificates, (xvii) the Class R Certificates and (xviii) the Class R-X Certificates.

Search Results

Page 1 of 2

## EXHIBIT B



Home | Latest Filings | Previous Page

U.S. Securities and Exchange Commission

## Search Results

Search the Next-Generation
EDGAR System

SEC Home » Search the Next-Generation EDGAR System » Company Search » *Current Page*

**Option One Mortgage Loan Trust 2007-2 CIK#: 0001390065 (see all company filings)**
SIC: 6189 - ASSET-BACKED SECURITIES
State location: CA | State of Inc.: DE | Fiscal Year End: 1231
(Assistant Director Office No 5)

Business Address
3 ADA ROAD
IRVINE CA 92618
9497908100

Mailing Address
3 ADA ROAD
IRVINE CA 92618

| Filter Results: | Filing Type: | Prior to: (YYYYMMDD) | Ownership? ○ include ⦿ exclude ○ only | Limit Results Per Page 40 Entries | Search ShowAll |
|---|---|---|---|---|---|

Items 1 - 20  📶 RSS Feed

| Filings | Format | Description | Filing Date | File/Film Number |
|---|---|---|---|---|
| 10-K | Documents | Annual report [Section 13 and 15(d), not S-K Item 405] Acc-no: 0001056404-08-001083 (34 Act)  Size: 110 KB | 2008-03-31 | 333-130870-06 08721597 |
| 15-15D | Documents | Suspension of duty to report [Section 13 and 15(d)] Acc-no: 0001056404-08-000376 (34 Act)  Size: 4 KB | 2008-01-25 | 333-130870-06 08550396 |
| 10-D | Documents | Asset-Backed Issuer Distribution Report [Section 13 or 15(d) of the Securities Exchange Act of 1934] Acc-no: 0001056404-08-000014 (34 Act)  Size: 357 KB | 2008-01-02 | 333-130870-06 08502839 |
| 10-D | Documents | Asset-Backed Issuer Distribution Report [Section 13 or 15(d) of the Securities Exchange Act of 1934] Acc-no: 0001056404-07-004057 (34 Act)  Size: 327 KB | 2007-12-10 | 333-130870-06 071296425 |
| 10-D | Documents | Asset-Backed Issuer Distribution Report [Section 13 or 15(d) of the Securities Exchange Act of 1934] Acc-no: 0001056404-07-003624 (34 Act)  Size: 312 KB | 2007-11-07 | 333-130870-06 071221543 |
| 10-D | Documents | Asset-Backed Issuer Distribution Report [Section 13 or 15(d) of the Securities Exchange Act of 1934] Acc-no: 0001056404-07-003241 (34 Act)  Size: 276 KB | 2007-10-05 | 333-130870-06 071158301 |
| 10-D | Documents | Asset-Backed Issuer Distribution Report [Section 13 or 15(d) of the Securities Exchange Act of 1934] Acc-no: 0001056404-07-002898 (34 Act)  Size: 268 KB | 2007-09-07 | 333-130870-06 071105012 |
| 10-D | Documents | Asset-Backed Issuer Distribution Report [Section 13 or 15(d) of the Securities Exchange Act of 1934] Acc-no: 0001056404-07-002450 (34 Act)  Size: 228 KB | 2007-08-02 | 333-130870-06 071018634 |
| 10-D | Documents | Asset-Backed Issuer Distribution Report [Section 13 or 15(d) of the Securities Exchange Act of 1934] Acc-no: 0001056404-07-002307 (34 Act)  Size: 198 KB | 2007-07-05 | 333-130870-06 07963568 |
| 10-D | Documents | Asset-Backed Issuer Distribution Report [Section 13 or 15(d) of the Securities Exchange Act of 1934] Acc-no: 0001056404-07-002076 (34 Act)  Size: 167 KB | 2007-06-07 | 333-130870-06 07906034 |
| 10-D | Documents | Asset-Backed Issuer Distribution Report [Section 13 or 15(d) of the Securities Exchange Act of 1934] Acc-no: 0001056404-07-001912 (34 Act)  Size: 157 KB | 2007-05-08 | 333-130870-06 07827890 |
| 10-D | Documents | Asset-Backed Issuer Distribution Report [Section 13 or 15(d) of the Securities Exchange Act of 1934] | 2007-05-08 | 333-130870-06 |

Search Results

| | | | | |
|---|---|---|---|---|
| | | Acc-no: 0001056404-07-001911 (34 Act)  Size: 157 KB | | 07827420 |
| 10-D | Documents | Asset-Backed Issuer Distribution Report [Section 13 or 15(d) of the Securities Exchange Act of 1934]<br>Acc-no: 0001056404-07-001730 (34 Act)  Size: 157 KB | 2007-04-09 | 333-130870-06<br>07755470 |
| 8-K | Documents | Current report, items 2.01 and 9.01<br>Acc-no: 0000882377-07-000886 (34 Act)  Size: 4 MB | 2007-03-27 | 333-130870-06<br>07720845 |
| 8-K | Documents | Current report, item 9.01<br>Acc-no: 0000882377-07-000737 (34 Act)  Size: 48 KB | 2007-03-13 | 333-130870-06<br>07689939 |
| 424B5 | Documents | Prospectus [Rule 424(b)(5)]<br>Acc-no: 0000882377-07-000705 (33 Act)  Size: 8 MB | 2007-03-09 | 333-130870-06<br>07683496 |
| FWP | Documents | Filing under Securities Act Rules 163/433 of free writing prospectuses<br>Acc-no: 0000882377-07-000702 (34 Act)  Size: 3 MB | 2007-03-09 | 333-130870-06<br>07682815 |
| FWP | Documents | Filing under Securities Act Rules 163/433 of free writing prospectuses<br>Acc-no: 0000882377-07-000699 (34 Act)  Size: 6 MB | 2007-03-09 | 333-130870-06<br>07682387 |
| FWP | Documents | Filing under Securities Act Rules 163/433 of free writing prospectuses<br>Acc-no: 0000882377-07-000604 (34 Act)  Size: 6 MB | 2007-03-01 | 333-130870-06<br>07662541 |
| FWP | Documents | Filing under Securities Act Rules 163/433 of free writing prospectuses<br>Acc-no: 0000882377-07-000602 (34 Act)  Size: 8 MB | 2007-03-01 | 333-130870-06<br>07662478 |

*http://www.sec.gov/cgi-bin/browse-edgar*

Modified 05/21/2009

Doc Number 1928    Page 1        EXHIBIT C

Document Number  00001928
BOOK  1487 PAGE  52

Loan # 0022523401
When Recorded Mail to:
Nicholas Barrett
999 South Broadway
East Providence, RI 02914

_____(space above this line for recording Date)_____

_____

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to American Home Mortgage Servicing, Inc., with an address of 4600 Regent Boulevard, Suite 200, Irving, TX 75063-1730, its Successors and Assigns, all beneficial interest under that certain Mortgage dated November 3, 2006 executed by KATHRYN M. FORREST and JOHN L FORREST, Mortgagors, and recorded on 11/8/06 in the Records of Land Evidence of the Town of Bristol, State of Rhode Island, in Book 1335 at Page 133, describing land therein as:

Commonly known as:    106 High Street, Bristol, RI 02809
                      Assessors Plat: 🔲  Lot: 🔲

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest and all rights accrued or to accrue under said mortgage.

Sand Canyon Corporation formerly known as Option One Mortgage Corporation

BY: _____
    Patricia A. Davis, Esq., as its attorney-in-fact

State of Rhode Island
County of Providence

On May 22, 2009, before me, personally appeared Patricia A. Davis, Esq., personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

GREGORY BOTELHO
NOTARY PUBLIC
State of Rhode Island
My Commission Expires
December 8, 2012

(this area for official seal)

_____
Notary Public
Name_____
Notary Public in for said State
My Commission expires:_____

Recorded May 22, 2009 at 03:49:04P.
Louis P. Cirillo Town Clerk

EXHIBIT D

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS

In re                                  :      Chapter 13
                                       :      Case No. 07-11862 (EWM)
RON WILSON, SR. &                      :
LaRHONDA WILSON,                       :
                                       :
        Debtors.                       :

### DECLARATION OF DALE M. SUGIMOTO,
### AS PRESIDENT OF SAND CANYON CORPORATION

I, Dale M. Sugimoto declare as follows:

1.      I am the President of Sand Canyon Corporation ("Sand Canyon")
f/k/a Option One Mortgage Corporation ("OOMC").  H&R Block Inc. ("HRB") is the ultimate
parent company of Sand Canyon.  Sand Canyon is wholly-owned by OOMC Holdings LLC,
which is wholly-owned by Block Financial LLC, which is wholly-owned by H&R Block Group,
Inc., which is wholly-owned by HRB, a publicly traded corporation.

2.      Effective as of April 30, 2008, HRB sold OOMC's mortgage loan
servicing business to American Home Mortgage Servicing, Inc. ("AHMS"), an affiliate of WL
Ross & Co. LLC.   Pursuant to the sale agreement, OOMC changed its name to "Sandy Canyon
Corporation."

3.      In a May 1, 2008 press release, Richard C. Breeden, the chair of HRB's
board of directors, stated that "[t]he closing of the Option One sale is a significant milestone in
the transformation and refocusing of H&R Block" whereby HRB "delivered on the promise we
made to shareholders to change the future course of our company" to do "what we do best, which
is serving the tax preparation needs of tens of millions of clients."  The May 1, 2008 press
release is available on the internet at http://www.hrblock.com/press/Article.jsp?articleid=1531,

4.      In addition, in its 2008 Annual Report, HRB stated as follows:

DISCONTINUED OPERATIONS - Effective November 2006, our Board of Directors approved a plan to exit the mortgage business operated through our subsidiary, OOMC, and we began reporting that business as discontinued operations.  During our third fiscal quarter ended January 31, 2008, OOMC ceased all loan origination activities, and initiated a plan to sell its servicing operations.

On April 30, 2008, OOMC sold its loan servicing assets to an affiliate of WL Ross & Co. LLC (WL Ross) pursuant to a previously announced agreement.

5.      Accordingly, Sand Canyon is no longer engaged in the servicing of residential mortgage loans.  Sand Canyon has no servicing rights.

6.      Sand Canyon also does not own any residential real estate mortgages.

7.      Sand Canyon's present business involves dealing with litigation claims, including title issues or litigation relating to servicing prior to the sale of OOMC's servicing rights to AHMS.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  March 18, 2009

By: _____
Dale M. Sugimoto
President of Sand Canyon Corporation

- 2 -

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re | Chapter 13 |
| TIFFANY M. KRITHARAKIS, | Case No. 10-51328 (AHWS) |
| Debtor. | |

## UNITED STATES TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION OF REPRESENTATIVE(S) OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPTI, ASSET BACKED CERTIFICATES, SERIES 2005-OPTI

Tracy Hope Davis, the United States Trustee for Region 2 ("United States Trustee"), by and through undersigned counsel, respectfully moves this Court for an order pursuant to Fed. R. Bankr. P. 2004 and Fed. R. Bankr. P. 9016 authorizing the examination of a duly authorized representative(s) of **Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPTI Asset Backed Certificates, Series 2005-OPTI** ("Deutsche") and requiring the duly authorized representative(s) of Deutsche appear and give sworn testimony regarding the proofs of claim filed in this case and its ownership of the note and mortgage underlying the proofs of claim, including the transfer of ownership of the note and mortgage. In support of this motion, the United States Trustee respectfully states as follows:

### INTRODUCTION

Deutsche has filed two proofs of claim in this case regarding an alleged secured claim arising from a mortgage given to secure a loan made to the debtor and her spouse. The first proof of claim filed on July 28, 2010 (claim no. 2-1 on the claims register) ("POC") failed to include any documentation connecting Deutsche to the underlying mortgage. *See* POC attached as Exhibit 1. On November 24, 2010, Deutsche filed an amended proof of claim (claim no. 2-2 on the claims register) (the "Amended POC"). *See* Amended POC attached as Exhibit 2. The

EXHIBIT E

Amended POC included several documents which purport to establish Deutsche's secured claim. The United States Trustee has reviewed the documents filed by Deutsche in this case and has concerns about the integrity of those documents and the process utilized by Deutsche in filing the POC and the Amended POC. The United States Trustee is concerned that Deutsche has not properly established that it is the owner of the mortgage and underlying note and seeks to examine a duly authorized representative(s) of Deutsche appear and give sworn testimony regarding the POC and Amended POC filed in this case and its ownership of the note and mortgage underlying the POC and the Amended POC, including the transfer of ownership of the note and mortgage.

## BACKGROUND FACTS

1. The debtor Tiffany M. Kritharakis ("Debtor") commenced this case by filing a voluntary petition under chapter 13 of the Bankruptcy Code on June 10, 2010. Molly Whiton serves as the standing Chapter 13 trustee.

2. The initial 11 U.S.C. § 341(a) meeting was scheduled for and held on July 22, 2010.

3. On her Schedule A, the Debtor discloses that she owns real property located at 25 Powder Horn Road, Norwalk, Connecticut (the "Property") having a fair market value of $400,000.

4. On Schedule D, the Debtor disclosed a first mortgage on the Property in favor of American Home Mortgage in the amount of $325,175.47.

### A. The Deutsche Proof of Claim

5. On July 28, 2010, Deutsche filed the POC. The POC asserts that notices and payment should be sent to American Home Mortgage Servicing, Inc., 1525 S. Beltline Road, Suite 100, N. Coppell, Texas 75019. The POC asserts a secured debt to Deutsche in the amount of $336,345.51. The POC was signed by Lawrence J. Buckley ("Buckley") as Creditor's Authorized Agent. The address provided for Buckley is P.O. Box 829009, Dallas, TX 75382-

9009. *See* POC attached as Exhibit 1.

6. Annexed to the POC as Exhibit A is an itemization of Claim and Summary of Supporting Documents for the POC. *See* POC attached as Exhibit 1. Also annexed to the POC is a copy of an undated promissory note bearing signatures that appear to be those of Debtor and Evangelos Kritharakis under which the Debtor and Evangelos Kritharakis promised to pay to the lender, M.A.C. Mortgages, a Connecticut Corporation ("MAC") the sum of $340,000, plus interest ("Note"). *Id.* Paragraph 10 of the Note states that the Note is secured by a mortgage in the amount of $340,000 to MAC on the Property dated January 19, 2005 ("Mortgage"). *Id.*

**B.  *The Debtor's Plan***

7. On June 24, 2010, the Debtor filed a chapter 13 plan of reorganization (ECF # 18).

8. On August 6, 2010, Deutsche filed an objection to the Debtor's plan (the "Plan Objection") (ECF # 29). The Plan Objection asserted *inter alia* that the plan could not be confirmed because it failed to address the arrearage owed to Deutsche. *Id.* The Plan Objection stated that the Mortgage was assigned by MAC to Sand Canyon Corporation f/k/a Option One Mortgage Corporation ("Sand Canyon") by assignment of mortgage dated January 19, 2005 and recorded on the Norwalk Land Records. *Id.* Furthermore, the Plan Objection stated that by assignment of mortgage dated June 11, 2010 and recorded on the Norwalk Land Records, Sand Canyon assigned the Mortgage to Deutsche ("Sand Canyon AOM"). *Id.*

**C.  *The Debtor's Objection to the POC***

9. On October 20, 2010, the Debtor filed an objection/motion for sanctions/motion for accounting ("Objection") regarding the POC that alleged a number of issues: (1) a lack of proof of the chain of ownership of the Note going from MAC to Sand Canyon to Deutsche, (2) Deutsche has failed to document how it became the trustee of the trust that owns the Note, (3) problems with the accounting of debt due on the Note with respect to a "suspense account" in the amount of $255.75, and (4) Buckley, who signed the POC, is an attorney with the law firm

of Brice, Vander Linden & Wernick, PC ("Brice Vander") in Dallas, TX and is not licensed to

practice law in Connecticut. (ECF # 37). The case docket reflects that a hearing on the

Objection was scheduled for November 18, 2010, then continued to December 16, 2010. The

case docket reflects that the December 16, 2010 hearing was continued to February 17, 2011.

### D. Deutsche's Amended Proof of Claim

10. On November 24, 2010, Deutsche filed the Amended POC. *See* Amended POC

attached as Exhibit 2.

11. On December 3, 2010, Deutsche filed a response to the Debtor's Objection

("Response") which included the Note, Mortgage, allonges and assignments. (ECF # 43).

12. Annexed to the Amended POC is a copy of the assignment of the Mortgage by

MAC to Option One Mortgage Corporation dated January 19, 2005. *See* Exhibit 2 at Part 7.

13. Attached to the Amended POC is a copy of the Sand Canyon AOM which assigns

the Mortgage from Sand Canyon to Deutsche. *See* Exhibit 2 at Part 8. The Sand Canyon AOM

is dated June 11, 2010 but has an effective date of assignment of May 1, 2005. *Id.*

## GOOD CAUSE EXISTS TO EXAMINE DEUTSCHE

### A. Bankruptcy Rule 2004 is Broad in Scope

14. Bankruptcy Rule 2004(a) provides that upon the motion of a party in interest, the

court may order the examination of an entity regarding the acts, conduct, property, liabilities or

financial condition of the debtor or any matter that may affect the administration of the estate of

the debtor. Courts that have analyzed Bankruptcy Rule 2004 have recognized the right of a

party in interest to conduct a 2004 examination, and the permitted scope of that examination is

extremely broad. *See, e.g., In re Texaco, Inc., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (citing

In re Johns-Manville Corp., 42 B.R. 362 (S.D.N.Y. 1984)).*

15. "Good cause" is the standard employed to determine if cause exists to support an

examination under Bankruptcy Rule 2004. To obtain authority to conduct an examination, the

movant must show "'some reasonable basis to examine the material ... [and] that the requested documents are necessary to establish the movant's claim or that denial of production would cause undue hardship or injustice.'" *In re Grabill Corp.*, 109 B.R. 329, 334 (N.D. Ill.1989) (citing *In re Wilcher*, 56 B.R. 428, 434-35 (Bankr. N.D. Ill.1985) ("the proper allocation of burden of proof on [a motion to quash] initially requires the examiner to show some reasonable basis to examine the material sought to be discovered").

16. "Generally, good cause is shown if the Rule 2004 examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *See In re Meticom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004); *see also In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex.1998) (same); *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992) (same); *In re Dinubilo*, 177 B.R. 932, 943 (E.D.Cal.1993). "However the burden of showing good cause is an affirmative one and is not satisfied merely by a showing that justice would not be impeded by production of the requested documents." *Wilcher*, 56 B.R. at 434-35. "Furthermore, if the cost and disruption to the examinee attendant to a requested examination outweigh the benefits to the examiner, the request should be denied." *Express One*, 217 B.R. at 217. "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." *Hammond*, 140 B.R. at 201.

**B. The United States Trustee has Standing to Seek Relief Under Rule 2004**

17. The United States Trustee is an official of the United States Department of Justice charged by statute with the duty to oversee and supervise the administration of bankruptcy cases. *See* 28 U.S.C. § 586(a). Congress has expressly given the United States Trustee standing under section 307 of the Bankruptcy Code to raise and be heard on any issue under title 11, except that the United States Trustee may not file a reorganization plan under chapter 11. *See* 11 U.S.C. § 307. *See also United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir.

1994); *In re Glados, Inc.*, 83 F.3d 1360, 1361 n.1 (11th Cir. 1996); *In re Donovan Corp.*, 215

F.3d 929, 930 (9th Cir. 2000); *In re Clark*, 927 F.2d 793, 796 (4th Cir. 1991); *In re Plaza de

Diego Shopping Center*, 911 F.2d 820, 824 (1st Cir. 1990); *In re Revco D.S., Inc.*, 898 F.2d 498,

500 (6th Cir. 1990); *Thompson v. Greenwood*, 507 F.3d 416, 420 n.3 (6th Cir. 2007). Indeed,

the United States Trustee is not required to demonstrate any concrete, particularized injury

under section 307 of the Bankruptcy Code to assert standing. *See United Artist Theater Co. v.

Walton*, 315 F.3d 217, 225 (3d Cir. 2003). Rather, the United States Trustee may take such

actions she deems necessary under section 307 of the Bankruptcy Code to protect the public

interest in the enforcement of federal bankruptcy law. *See Clark*, 927 F.2d at 796; *Plaza de

Diego*, 911 F.2d at 824.

18.   Moreover, Section 586 of Title 28 contains additional authority for the United States

Trustee, among other things: (a) to supervise the administration of cases under title 11 and take

such actions as the United States Trustee deems necessary to prevent undue delay; and (b)

perform such other duties consistent with titles 11 and 28 as the Attorney General may

prescribe. *See* 28 U.S.C. §§ 586(a)(3)(G) and 586(a)(5). Even absent the congressional grant of

standing to the United States Trustee under Section 307 of the Bankruptcy Code, the United

States Trustee has standing to act where its actions advance the United States Trustee's interest

in the administration of bankruptcy proceedings. *See A-1 Trash Pickup v. United States Trustee

(In re A-1 Trash Pickup)*, 802 F.2d 774, 776 (4th Cir. 1986).

*C.   Good Cause Exists for the United States Trustee's Rule 2004 Request*

19.   The United States Trustee has reviewed the documents filed by Deutsche in this

case and has concerns about the integrity of those documents and the process utilized by

Deutsche in filing the POC and the Amended POC. To begin with, the POC asserted that

Deutsche was a creditor of the Debtor, yet the Note and Mortgage annexed to the POC appear to

document a note and mortgage as between the Debtor and MAC, not Deutsche. Additionally,

Buckley, the individual who signed the POC on behalf of Deutsche as the "Creditor's Authorized Agent", does not appear to be a Deutsche employee and, according to Debtor's counsel, is an attorney with Brice Vander in Dallas, TX. It is not apparent what steps Buckley took in order to determine that Deutsche was a creditor in the case.

20. Subsequently, Deutsche filed the Amended POC on November 24, 2010. Annexed to the Amended POC is an Allonge to the Note endorsed by Option One Mortgage Corporation on January 19, 2005 making the Note payable to Deutsche Bank National Trust Company, as Trustee ("Option One Allonge"). *See* Amended POC at Part 5.

21. Also annexed to the Amended Proof of Claim is a copy of the Sand Canyon AOM whereby Sand Canyon Corporation f/k/a Option One Mortgage Corporation assigned its rights to the Mortgage to Deutsche. *See* Amended POC at Part 8. The Sand Canyon AOM is dated June 11, 2010 but has an effective date of assignment of May 1, 2005. *Id*. The Sand Canyon AOM is signed by Rhonda Werdel ("Werdel") as Assistant Secretary of Sand Canyon Corporation FKA Option One Mortgage Corporation. *Id*. The May 1, 2005 effective date contained in the Sand Canyon AOM conflicts with the January 19, 2005 dated contained in the Option One Allonge. *See* Amended POC at Part 5 and Part 8.

22. On information and belief, American Home Mortgage Servicing, Inc. purchased the mortgage servicing rights of Sand Canyon in April 2008. *See Declaration of Dale M. Sugimoto, As President of Sand Canyon Corporation, dated March 18, 2009,* doc id # 141 in *In re Ron Wilson, Sr. and LaRhonda Wilson*, 07-11862 (EWM), United States Bankruptcy Court for the Eastern District of Louisiana attached here to as Exhibit 3 ("March 2009 Sugimoto Declaration"). According to the March 2009 Sugimoto Declaration, Sand Canyon does not own any mortgage servicing rights or any residential real estate mortgages. *See* Exhibit 3 at ¶¶ 5, 6. As such, it appears that the Sand Canyon AOM executed in June 2010 may be deficient because Sand Canyon did not own any mortgages in 2010.

23. Based on these inconsistencies, the United States Trustee requests that she be given the opportunity to question Deutsche about the methods it used and what documents were reviewed and considered before filing the POC, the Amended POC, and its Plan Objection. Bankruptcy Courts have discussed the need for secured lenders to provide accurate information in filings before the Court or else "[t]he debtor and his/her family may lose their home, and the debtor and other creditors may lose significant equity in foreclosure." *In re Gorshtein*, 285 B.R. 118, 122 (Bankr. S.D.N.Y. 2002); *In re Fagan,* 376 B.R. 81, 87 (Bankr. S.D.N.Y. 2007). Consequently, "cause" exists authorizing the issuance of a subpoena to compel document production under Bankruptcy Rules 2004(c) and 9016, and moreover, for the issuance of an order directing Deutsche to appear for an examination under Bankruptcy Rule 2004.

24. The United States Trustee seeks to examine a duly authorized representative(s) of Deutsche who possesses knowledge and is most familiar with respect to the foregoing issues and regarding documents to be produced by Deutsche pursuant to a subpoena issued by the United States Trustee pursuant to Fed. R. Bankr. P. 9016 and Fed. R. Bankr. P. 2004(c) that will include the following:

   a.   Any and all documents, computer records, reports, or other information in the possession, custody or control of Deutsche that were used or relied upon by Deutsche in support of the proofs of claim filed on its behalf in the United States Bankruptcy Court for the District of Connecticut, in the matter of Tiffany M. Kritharakis, Case Number 10-51328 (AHWS).

   b.   Any and all documents, computer records, reports, or other information in the possession, custody or control of Deutsche regarding and/or related to any requests made by the Debtor to Deutsche regarding her Note and Mortgage between June 2010 to present.

c.     Any and all documents, computer records, reports, or other information in the possession, custody or control of Deutsche that were used or relied upon by Deutsche in support of its objection to the chapter 13 plan filed by the Debtor.

d.     Any and all documents, computer records, reports, or other information in the possession, custody or control of Deutsche that were used or relied upon by Deutsche in support of its response to the Debtor's objection to Deutsche's POC.

e.     All statements and account histories for the mortgage loan in the name of the Debtor.[1]

f.     All documents evidencing, relating or referring to, the authority given by Deutsche and/or Deutsche's authorized agents to Lawrence J. Buckley of Dallas, Texas as "creditor's authorized agent" to act on behalf of Deutsche and file a proof of claim on behalf of Deutsche, including documents evidencing the right to convey authority to act on behalf of Deutsche to individuals who are not employees, officers or directors of Deutsche.

g.     All documents evidencing, relating or referring to, the Sand Canyon AOM, including, but not limited to, any documents evidencing the corporate authority of Rhonda Werdel to execute the Sand Canyon AOM as Assistant Secretary of Sand Canyon.

h.     All documents evidencing, relating or referring to, or concerning any policy or procedure, written or otherwise published, regarding Deutsche's drafting, verifying and filing of proofs of claims in bankruptcy cases in the District of Connecticut, including but not limited to manuals, training manuals, guidebooks or any other documents containing instructions and/or guidance on filing proofs

---

[1] The United States Trustee shall provide a certificate of compliance with The Right to Financial Privacy Act of 1978 prior to the date set for production of documents in the subpoena.

of claim.

25. The United States Trustee seeks an order compelling a duly authorized representative(s) of Deutsche to attend and give sworn testimony at an electronically recorded Rule 2004 examination scheduled at a time convenient to the parties and held at the office of the United States Trustee, Giaimo Federal Building, 150 Court Street, Room 302, New Haven, Connecticut or a location to be agreed upon by the parties.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order compelling a duly authorized representative(s) of Deutsche to attend and give sworn testimony at a Rule 2004 examination, and for such other relief as the Court finds just and appropriate.

Dated: January 26, 2011
      New Haven, Connecticut

Respectfully submitted,
TRACY HOPE DAVIS
UNITED STATES TRUSTEE FOR REGION 2

By:   /s/ Holley L. Claiborn
      Holley L. Claiborn/ct17216
      Trial Attorney
      Giaimo Building
      150 Court Street, Room 302
      New Haven, CT  06510
      Tel. (203) 773-2210

When Recorded Mail to:
Nicholas Barrett
999 South Broadway
East Providence, RI 02914

_____(space above this line for recording Date)_____

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to Sand Canyon Corporation formerly known as Option One Mortgage Corporation C/o American Home Mortgage Servicing, Inc. 4600 Regent Blvd. Suite 200, Irving, Texas 75063-1730, its successors and Assigns, all beneficial interest under that certain Mortgage dated November 3, 2006 executed by JOHN L. FORREST and KATHRYN M. FORREST, Mortgagors, and recorded on November 8, 2006 in the Records of Land Evidence of the Town/City of Bristol, State of Rhode Island, in Book 1335 at Page 133, describing land therein as:

Commonly known as:        106 High Street, Bristol, RI  02809

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest and all rights accrued or to accrue under said mortgage.

American Home Mortgage Servicing, Inc.

BY: _Michelle Halyard_____
Name: MICHELLE HALYARD

Title: VICE PRESIDENT

State of _Florida____
County of _Duval___

On _Nov 18th_, 200_9_, before me, personally appeared ___Michelle Halyard_____
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the Instrument.

Witness my hand and official seal.

Notary Public
Name  ___Gerhard V Heckermann_____
Notary Public in for said State
My Commission expires: _9-23-2012____

(this area for official seal)

GERHARD V. HECKERMANN
Notary Public - State of Florida
My Comm. Expires Sep 23, 2012
Commission # DD 818844

EXHIBIT F

When Recorded Mail to:                                              EXHIBIT G
Nicholas Barrett
999 South Broadway
East Providence, RI 02914

_____(space above this line for recording Date)_____

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to Wells Fargo Bank,
N.A. as Trustee for Option One Mortgage Loan Trust 2007-2 Asset-Backed Certificates, Series 2007-
2 C/o American Home Mortgage Servicing, Inc. 4600 Regent Blvd. Suite 200, Irving, Texas 75063-
1730, its successors and Assigns, all beneficial interest under that certain Mortgage dated November
3, 2006 executed by JOHN L. FORREST and KATHRYN M. FORREST, Mortgagors, and recorded
on November 8, 2006 in the Records of Land Evidence of the Town/City of Bristol, State of Rhode
Island, in Book 1335 at Page 133, describing land therein as:

Commonly known as:        106 High Street, Bristol, RI  02809

Together with the note or notes therein described or referred to, the money due and to become due
thereon with interest and all rights accrued or to accrue under said mortgage.

                                          Sand Canyon Corporation formerly known as Option
                                          One Mortgage Corporation


                                          BY: _Michelle Halyard_____
                                          Name: MICHELLE HALYARD

                                          Title: VICE PRESIDENT

State of _Florida_
County of _Duval_

On _Nov 18th_, 200_9_, before me, personally appeared _____Michelle Halyard_____,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the
instrument.

Witness my hand and official seal.


                                          Notary Public
                                          Name_____
                                          Notary Public   Gerhard V Heckermann
(this area for official seal)             Notary Public in for said State
                                          My Commission expires:  _9-23-2012_

GERHARD V. HECKERMANN
Notary Public - State of Florida
My Comm. Expires Sep 23, 2012
Commission # DD 818644

Document Number 00001562  48432
BOOK 1482 PAGE  327
DOC # 00001997
Bk# 3053 Ps# 42

INST# 00000227  229
Bk# 1831 Ps#

Bk# 1989 Ps# 1
INST# 00084229

Bk# 1371 Ps# 247
INST# 00091458

DOC # 00000766
RECEIVED FOR RECORD
WESTERLY R.I.  Ps#

2009050400000290 Bk# 4035 Ps# 33
RECORDED Cranston, RI  Pg 1 of 2
05/04/2009 12:20:00 PR ATTY

## LIMITED POWER OF ATTORNEY

Apr 14,2009 at 03:30:53P

BOOK 1796 PAGE  17
DOC #: 00001883

SAND CANYON CORPORATION ("SAND"), a corporation organized and existing under the laws of the State of California hereby constitutes and appoints Nicholas Barrett, Esq., Patricia A. Davis, Esq., Joseph Dolben, Esq. and Katherine Bosma, Esq., of Nicholas Barrett & Associates, as its Attorney-In-Fact to execute and acknowledge in writing all documents customarily and reasonably necessary and appropriate for the tasks described in items (1) through (4) below. This Power of Attorney is being issued in connection with SAND's responsibilities to certain mortgage loans (the "Loans") owned or serviced by SAND. These Loans are comprised of Mortgages, Deeds of Trust, Deeds to Secure Debt and other forms of Security Instruments (collectively the "Security Instruments") and the Notes secured thereby. This power of attorney shall be effective from the date of execution hereof either until such time as it is revoked in writing by SAND or, as to each of the above named attorneys-in-fact, for so long as he or she is employed by Nicholas Barrett & Associates.

(1)    execute any and all documents necessary to foreclose upon the property securing any mortgage loan owned or serviced by SAND, including but not limited to (a) assignments of mortgage or deeds of trust; (b) substitution of trustee on Deeds of Trust, (c) Foreclosure Deeds upon sale on behalf of SAND, (d) Affidavits of Non-military Status, (e) Affidavits, (f) Affidavits of Debt, (g) quitclaim or other forms of deeds, (h) Affidavits regarding lost promissory notes, and (i) endorsements of promissory notes to VA or HUD on behalf of SAND as a required part of the claims process; and (j) such other documents as may be necessary and proper to carry into effect the powers granted herein;

(2)    take any and all actions and execute all documents necessary to protect the interest of the beneficial owner of such mortgage loan, or SAND in any bankruptcy proceeding regarding a loan owned or serviced by SAND, including but not limited to (a) executing Proofs of Claim and Affidavits of Movant under 11 U.S.C. Sec. 501-502, Bankruptcy Rule 3001-3003, and applicable local bankruptcy rules, (b) entering a Notice of Appearance, (c) vote for a trustee of the estate of the debtor, (d) vote for a committee of creditors, (e) attend the meeting of creditors of the debtor, or any adjournment thereof, and vote on behalf of the beneficial owner of such mortgage loan, or SAND, on any question that may be lawfully submitted before creditors in such a meeting, (f) complete, execute, and return a ballot accepting or rejecting a plan, and (g) execute reaffirmation agreements;

Received in West Warwick R.I.
Date Apr 22,2009 Time 03:49:49P
Deborah A. Tellier, Town Clerk
INST# 00002047
Bk# 1997  Ps# 260

EXHIBIT H

4XSR  Doc No: 00017343
Book: 9474  Page:
45

BOOK 174 PAGE 174
Bk: 187 Ps: 166

Bk: 3053 Ps: 43

Document Number 00001
BOOK 1482 PAGE 328
INST: 00002269
Bk: 1831 Ps: 230
INST: 790084009 18

(3)     execute any and all quitclaim or other forms of deeds of real estate purchased by SAND at foreclosure sale;

(4)     and further to ratify any and all previously executed documents and previous actions taken pursuant to said purposes.

Witness my hand and seal this ___27___ day of ___March___, 2009.

Bk: 1371 Ps: 248
INST: 00091458

(SEAL) NO CORPORATE SEAL

SAND CANYON CORPORATION

By: _____
Cindi Ellis
Assistant Vice President

Witness: _____ Joven Bilog

By: _____
Gaylee Cone
Assistant Secretary

Witness: _____

Bk: 1997 Ps: 261

Attest: _____

FOR CORPORATE ACKNOWLEDGMENT

RECEIVED:

RECORDED
Apr 15,2009 02:05:30P
Marie T. Ahlert, City Clerk
City of Warwick, RI

STATE OF CALIFORNIA ) ss
COUNTY OF ___Orange___ )

Providence
Received for Record
Jul 15,2009 at 10:09:17A
Document Num: 00017343
John A Murphy
Records Clerk

On this ___27___ day of ___March___ 2009, before me, the undersigned, a Notary Public in and for said County and State, personally appeared ___Cindi Ellis___ and ___Gaylee Cone___ personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons who executed the within instrument as ___Assistant Vice President___ and ___Assistant Secretary___, respectively, of the corporation that executed the within instrument, and know to me to be the persons who executed the within instrument on behalf of the corporation there named, and acknowledged to me that such corporation executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.

VINCENT P. BACCARI JR.
TOWN OF JOHNSTON
TOWN CLERK
Apr 01,2009 01:32:55P

RECORDED
2009 Apr 09 10:26:05A
EAST PROVIDENCE, R.I.
KIM A. CASCI
CITY CLERK

WITNESS MY HAND AND OFFICIAL SEAL

Signature _____
Printed Name ___N. Deeter___

My Commission Expires: ___December 23, 2010___

N. DEETER
COMM. # 1712322
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Exp. Dec. 23, 2010

RECEIVED
PORTSMOUTH, RI
Apr 23,2009 02:45:05P
KATHLEEN VIERA BEAUDOIN
TOWN CLERK

Filed in the Town Clerk's Office
Little Compton, RI on Apr 14,2009 12:07:08P
Witness

_____
Dep. Town Clerk

Doc No: 00017343
Book: 9474   Page:

TOWN OF COVENTRY, R.I.
Apr 08,2009 12:19:18P
Cheryl A George, TOWN CLERK

DONNA L. GIORDANO MMC TOWN CLERK
WESTERLY, RI RET: ___Baccari & Associates___

RECEIVED FOR RECORD
4-23-09 AT 3:58 PM
ON _____
WITNESS: ANNE M. IRONS
NARRAGANSETT TOWN CLERK

Bk: 44668 Pg: 64

EXHIBIT I



Bk: 44668 Pg: 64   Doc: POA
Page: 1 of 1   02/23/2009 10:11 AM

Attested hereto

*Francis M. Roache*
Francis M. Roache
Register of Deeds

06-2040

### *LIMITED POWER OF ATTORNEY*

KNOW ALL PERSONS BY THESE PRESENTS, that U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2005-3, having a place of business at 180 East Fifth Street, St. Paul, MN 55101, present holder of a mortgage given by William Daniel Kelly to Consumer Home Mortgage Corp of America, dated December 23, 2004 and Recorded at Suffolk County Registry of Deeds in Book 36165, Page 178, does hereby constitute and appoint SANJIT S. KORDE, JULIE A. RANIERI, JOHN S. MCNICHOLAS, ADRIANA GIOUMBAKIS, SUSAN W. CODY, ADAM B. FINKEL, RACHEL ANN MORIN, ERIC J. NATICCHIONI, RHONDA COOPER, AND/OR GAYLE GLEASON, each of Chelmsford, Middlesex County, Massachusetts, each as its true and lawful attorney, for it and in its name, place and stead, for the purposes of foreclosing the above mortgage for breach of conditions thereof and for that purpose to do each and all necessary acts, including without limitation:

1.  To sign, endorse, execute, acknowledge and deliver all Affidavits; Certificates; Notices of Extension; court pleadings; Memoranda of Sale and any other necessary documents; hereby ratifying any such acts heretofore taken;
2.  To sell at public sale the real estate which is subject to the above-referenced mortgage for the purpose of foreclosing the mortgage;
3.  To make entry on and take possession of, on behalf of the present Mortgagee, the real estate which is the subject of the above-referenced mortgage for purposes of foreclosing the mortgage and/or collecting rents;
4.  To commence eviction proceedings in connection with the real estate which is the subject of the above-referenced mortgage being foreclosed upon by the present Mortgagee.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, 2005-3 FURTHER RATIFIES ANY AND ALL PREVIOUS ACTIONS TAKEN BY SANJIT S. KORDE, JULIE A. RANIERI, JOHN S. MCNICHOLAS, ADRIANA GIOUMBAKIS, SUSAN W. CODY, RACHEL ANN MORIN, ADAM B. FINKEL, ERIC J. NATICCHIONI, RHONDA COOPER, AND/OR GAYLE GLEASON WITH REGARD TO THE ABOVE MORTGAGE.

IN WITNESS WHEREOF, the said U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2005-3 aforesaid has caused its corporate seal to be hereto affixed and these presents to be signed and acknowledged in its name and behalf by ___Cindi Ellis___ , by its Attorney in Fact, American Home Mortgage Servicing, Inc. thereunto duly authorized on ___12/22/08___

U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2005-3
By its Attorney in Fact, American Home Mortgage Servicing, Inc.

By: **Cindi Ellis**
Its: **Assistant Secretary**

On: ___12/22/08___

STATE OF ___California___
County of: ___Orange___
Dated: ___12/22/08___

On this ___Dec. 22, 2008___, before me, the undersigned notary public, personally appeared ___Cindi Ellis___ , proved to me through satisfactory evidence of identification, which was _personal knowledge_, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose.

*Linda Blondhein*
Notary Public
My commission expires: ___July 27, 2011___

LINDA BLONDHEIM
Commission # 1767766
Notary Public - California
Riverside County
My Comm. Expires Jul 27, 2011

Bk: 44425 Pg: 185

‖‖‖‖‖‖‖‖‖‖‖‖
2009 00004040

Bk: 44425 Pg: 185   Doc: FDD
Page: 1 of 3   01/20/2009 11:34 AM

MASSACHUSETTS EXCISE TAX
Suffolk County District ROD
Date: 01/20/2009 11:34 AM
Ctrl# 090851 08382 Doc# 00004040
Fee: $1,393.08 Cons: $305,150.00

Attested hereto
*Francis M. Roache*
Francis M. Roache
Register of Deeds

08-050484

## FORECLOSURE DEED

American Home Mortgage Servicing, Inc., having a place of business at Irving, TX the present holder of a mortgage from Juan G. Pena and Amaurys Objio to Mortgage Electronic Registration Systems, Inc. acting solely as nominee for American Brokers Conduit, dated October 26, 2005 and Recorded at Suffolk County Registry of Deeds in Book 38371, Page 207*, by the power conferred by said mortgage and every other power, for Three Hundred Five Thousand One Hundred Fifty Dollars and 00/100 dollars($305,150.00) paid, grants to Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2005-2 Mortgage-Backed Pass-Through Certificates, Series 2005-2 of 1761 East St. Andrew Place, Santa Ana, CA 92705 the premises conveyed by said mortgage.

*See Assignment Recorded at Suffolk County Registry District of Deeds in Book 43431, Page 274.

*Witness* the execution of said corporation on ___1/2/09___

See authority in
Middlesex North
Book 22373, Page 80.

American Home Mortgage Servicing, Inc.

By: ___ Cindi Ellis
Its:  Assistant Secretary

State of California
County of ___Orange___

On ___1/2/09___ before me, ___Linda Blondheim___, personally appeared ___Cindi Ellis___ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Linda Blondheim*

Notary Public
My commission expires:  July 27, 2011

LINDA BLONDHEIM
Commission # 1767766
Notary Public - California
Riverside County
My Comm. Expires Jul 27, 2011

CHAPTER 183 SEC. 6 AS AMENDED BY CHAPTER 497 OF 1969

Every deed presented for record shall contain or have endorsed upon it the full name, residence and post office address of the grantee and a recital of the amount of the full consideration thereof in dollars or the nature of the other consideration therefor, if not delivered for a specific monetary sum.  The full consideration shall mean the total price for the conveyance without deduction for any liens or encumbrances assumed by the grantee or remaining thereon. All such endorsements and recitals shall be recorded as part of the deed.  Failure to comply with this section shall not affect the validity of any deed.  No register of deeds shall accept a deed for recording unless it is in compliance with the requirements of this section.

Property Address: 61 Austin Street, Hyde Park, MA 02136.

Bk: 44425 Pg: 186

08-050484

### AFFIDAVIT

I, _____Cindi Ellis_____of American Home Mortgage Servicing, Inc. make oath and say that, upon information and belief, the principal and interest obligations mentioned in the mortgage above referred to was not paid or tendered or performed when due or prior to the sale, and that American Home Mortgage Servicing, Inc. caused to be published on November 18, 2008, November 25, 2008 and December 2, 2008 in the Boston Herald, a newspaper published or by its title page purporting to be published in Boston, Massachusetts and having a circulation therein, a notice of which the following is a true copy. *

*There being no newspaper published in Hyde Park and the Boston Herald having a general circulation in Hyde Park.

(See Exhibit A attached hereto)

American Home Mortgage Servicing, Inc. also complied with Chapter 244, Section 14 of the Massachusetts General Laws, as amended, by causing to be mailed the required notices, certified mail, return receipt requested.

Pursuant to said notice at the time and place therein appointed December 18, 2008 at 1:00 PM upon the mortgaged premises at which time and place American Home Mortgage Servicing, Inc. sold the mortgaged premises at public auction by of BayState Auction Co., Inc., a duly licensed auctioneer, to Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2005-2 Mortgage-Backed Pass-Through Certificates, Series 2005-2 of 1761 East St. Andrew Place, Santa Ana, CA 92705, above named, for Three Hundred Five Thousand One Hundred Fifty Dollars and 00/100 dollars($305,150.00) paid by Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2005-2 Mortgage-Backed Pass-Through Certificates, Series 2005-2 of 1761 East St. Andrew Place, Santa Ana, CA 92705, being the highest bid made therefor at said auction

American Home Mortgage Servicing, Inc.

By:   Cindi Ellis
Its:  Assistant Secretary

On   1/2/09

State of California
County of _____Orange_____

On  1 2 09  before me,_____Linda Blondheim_____, personally appeared _____Cindi Ellis_____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public
My commission expires:   July 27, 2011

LINDA BLONDHEIM
Commission # 1767766
Notary Public - California
Riverside County
My Comm. Expires Jul 27, 2011

*61 Austin Street, Hyde Park, MA 02136*

## EXHIBIT A

**LEGAL NOTICE**
**MORTGAGEE'S SALE OF REAL ESTATE**

By virtue of and in execution of the Power of Sale contained in a certain mortgage given by Juan G. Pena and Amaurys Objio to Mortgage Electronic Registration Systems, Inc. acting solely as nominee for American Brokers Conduit, dated October 26, 2005 and recorded with the Suffolk County Registry of Deeds in Book 38371, Page 207 of which mortgage American Home Mortgage Servicing, Inc., is the present holder for breach of conditions of said mortgage and for the purpose of foreclosing the same, the mortgaged premises located at 51 Austin Street, Boston (Hyde Park), MA will be sold, at a Public Auction at 1:00 PM on December 18, 2008, at the mortgaged premises, more particularly described below, all and singular the premises described in said mortgage, to wit:

The land together with the buildings thereon being shown as Lot No. 6 on "Plan of Land belonging to Jane Norton Grew in part and Edward Sturgis Grew and Jane Norton Grew in part showing subdivisions into building lots Hyde Park, July 1905, G.L. Richardson, Surveyor," recorded with Norfolk Deeds, Book of plan 41 plan No. 1922. Said lot is bounded and described as follows: Westerly on Austin Street, fifty and five tenths (50.05) feet Southerly on Lot numbered 5 on said plan, one hundred three and forty-one hundredths (103.41) feet; Easterly on lot numbered 45 on said plan, fifty (50) feet; and Northerly on Lot numbered 7 on said plan, one hundred four and fifty-seven hundredths (104.57) feet.

For mortgagor's title see deed recorded with the Suffolk County Registry of Deeds in Book 36764, Page 99

The premises will be sold subject to any and all unpaid taxes and other municipal assessments and liens, and subject to prior liens or other enforceable encumbrances of record entitled to precedence over this mortgage, and subject to and with the benefit of all easements, restrictions, reservations and conditions of record and subject to all tenancies and/or rights of parties in possession.

TERMS OF THE SALE: Cash, cashier's or certified check in the sum of $5,000.00 as a deposit must be shown at the time and place of the sale in order to qualify as a bidder (the mortgage holder and its designee(s) are exempt from this requirement); high bidder to sign written Memorandum of Sale upon acceptance of bid; balance of purchase price payable in cash or current funds in thirty (30) days from the date of the sale at the offices of mortgagee's attorney, Korde & Associates, P.C., 321 Billerica Road, Suite 210, Chelmsford, MA 01824-4100, or such other time as may be designated by mortgagee. The description for the premises contained in said mortgage shall control in the event of a typographical error in this publication. Other terms to be announced at the sale.

American Home Mortgage Servicing, Inc.
Korde & Associates, P.C.
321 Billerica Road, Suite 210
Chelmsford, MA 01824-4100
(978) 256-1500

(08-050484F/AHM/Pena)(11/18/08, 11/25/08, 12/02/08)(133758)
Nov 18, 25, Dec 2

CERTIFIED AS A TRUE AND EXACT COPY
BY: PAULA M. CUCULO, ESQ.

**ADJUSTABLE RATE NOTE**
(LIBOR Index - Rate Caps)



THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

106  HIGH STREET,  BRISTOL, RI 02809-2122
[Property Address]

1. **BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S.    $512,000.00    (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
   Option One Mortgage Corporation, a California Corporation
   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
   Interest will be charged on unpaid principal until the full amount of principal has been paid.  Interest will be calculated on the basis of a 12-month year and a 30-day month. I will pay interest at a yearly rate of   8.990% . The interest rate I will pay may change in accordance with Section 4 of this Note.
   The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

3. **PAYMENTS**
   (A) Time and Place of Payments
   I will pay principal and interest by making payments every month.
   I will make my monthly payments on the first day of each month beginning on  January 01    , 2007 . I will make these payments every month, in addition to a final Balloon Payment payable at Maturity as referenced in the attached Balloon Note Addendum, until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on,
   December 01    , 2036   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my monthly payments at     Option One Mortgage Corporation
   P.O. BOX 92103 LOS ANGELES, CA 90009-2103
   or at a different place if required by the Note Holder.
   (B) Amount of My Initial Monthly Payments
   Each of my initial monthly payments will be in the amount of U.S.    $3,945.43    . This amount may change.
   (C) Monthly Payment Changes
   Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.
   (D) Application of Payments
   Payments received by the Note Holder will be applied in the following order: (i) prepayment charges due under this Note; (ii) amounts payable under paragraph 2 of the Security Instrument (defined below); (iii) interest due under this Note; (iv) principal due under this Note; and (v) late charges due under this Note.

4. **INTEREST RATE AND MONTHLY PAYMENT CHANGES**
   (A) Change Dates
   The interest rate I will pay may change on the first day of   December 01    , 2008 . and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."
   (B) The Index
   Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."
   If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL**

RHODE ISLAND ADJUSTABLE RATE BALLOON NOTE-LIBOR INDEX - Single Family
- Page 1 of 3                                                                      RINT051.wp (06-30-05)

EXHIBIT J

Date:  11/03/06

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding FIVE AND 60/100                                                percentage point(s) ( 5.600%           ) to the Current Index. The Note Holder will then round the result of this addition to the next higher one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than    11.990%        or less than 8.990%         . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. In no event will my interest rate be greater than    14.990%        or less than   8.990%         .

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

5.    BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due, together with accrued interest. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

If within    12 Months          from the date of execution of the Security Instrument I make a full prepayment or a partial prepayment, I will at the same time pay to the Note Holder a prepayment charge if authorized by state law. The prepayment charge will be equal to two percent (2%) of the balance due at date of such pay-off. In no event will such a charge be made if it violates state or federal law.

6.    LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

7.    BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    15        calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     6.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount, together with any other charges that I owe under this Note or the Security Instrument, except as otherwise required by applicable law.

(C) No Waiver by Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, whether or not a lawsuit is filed. Those expenses include, for example, reasonable attorneys' fees.

8.    GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

RJNT051.wp (06-30-05)

Date:   11/03/06

9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

10.   WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11.   SECURED NOTE

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Kathryn M. Forrest_ _____ (Seal)      _____ (Seal)
KATHRYN M. FORREST                      -Borrower                                    -Borrower

_Paula M. Cuculo_ _____ (Seal)         _____ (Seal)
Witness                                 -Borrower                                    -Borrower

_____ (Seal)      _____ (Seal)
                                 -Borrower                                    -Borrower

[Sign Original Only]

RINT051.wp (06-30-05)





Date:  11/03/06

# BALLOON NOTE ADDENDUM

This is a BALLOON LOAN. The term of the loan is 40/30 years. This means that while your monthly payment amount is amortized in accordance with a 40 year loan term, the loan is payable in full in THIRTY (30) years from the date the loan is made. As a result, you will be required to repay the entire remaining principal balance, together with accrued interest, late charges, if any, and all advancements made by the lender under the terms of this loan in THIRTY (30) years from the date on which the loan is made.

The lender has no obligation to refinance this loan at the end of its term. Therefore, you may be required to repay the loan out of other assets you may own, or you may have to find another lender willing to refinance the loan.

Assuming this lender or another lender refinances this loan at maturity, you will probably be charged interest at market rates prevailing at that time which may be considerably higher or lower than the interest rate paid on this loan. You may also have to pay some or all of the closing costs normally associated with the new mortgage even if you obtain refinancing from the same lender.

_Kathryn M. Forrest_
Borrower   KATHRYN M FORREST

Borrower

Borrower

Borrower

Borrower

Borrower

MULTISTATE BALLOON NOTE ADDENDUM
Page 1 of 1

USD5641.wp (05-19-05)